Wright, J.,
delivered the opinion of the Court.
This was an action of debt by John R. Jones, against the plaintiffs in error, in the Circuit Court of Bedford *518 county, upon a bill single, for $2314.52, dated tbe 25th of January, 1857, and due the 9th of January, 1858.
It was made payable to John C. Aiken, and by him endorsed to the plaintiff.
The declaration is in the usual form.
The defendants filed two pleas: the first, a plea of payment upon which issue was taken, and the same being found against them, judgment was rendered for the plaintiff, and they have appealed in error to this Court.
To the second plea, the plaintiff demurred, and the demurrer was sustained by the Circuit Court; and the question here is, can the judgment of the Circuit Court, upon this plea, be sustained ? And we think it cannot.
The plea, in substance, averred that this bill single was executed to secure the payment of a part of the consideration money of a tract of land, sold by John C. Aiken and wife, and said Jones, to the defendant Mullins, and that they executed to him their bond for title, in which they become bound to make him a deed in fee simple, when the purchase money should be paid, but that at the time of the sale they had no title, legal or equitable, to said tract of land; nor have they acquired any since, the same being in one Gray, and in the heirs of one Sims; that they knew this at the time of the sale, and failed to communicate it to the defendants; and that the plaintiff, when the note was assigned to hinl, had full knowledge of these facts, and so defendants say the consideration of said bill single, has failed.
To maintain the judgment of the Court, we are referred *519 to the cases of Coleman v. Sanderlin, 5 Hum., 562, and Henning v. Vanhook, 8 Hum., 678.
But the former of these cases turned upon the ground that a defence could not be made at law, the note haying a seal to it. And the latter is the case of an executed contract, a conveyance having been made.
Now, by the act of 1850, ch. 60, the same defence may be made to a bill single, as to a promissory note. Here Jones is in no better condition than Aiken. It is well settled, that between the original parties to a note or bill, the consideration may be inquired into. So also where there has been fraud.
If this plea be true, and we are bound upon the demurrer so to take it, then this bill single is void for fraud; and the consideration for it has entirely failed, for the vendors have no title to the land, and knew it at the time of the sale, and concealed the fact from the plaintiffs in error, who, for aught that appears in this record, have never received anything for said bill single, not even so much as the possession of the land. Mullins, by the terms of the contract as stated in the plea, is entitled to an indefeasible title when he pays the purchase money. Judson v. Wass, 11 Johns. R., 525-528. But the vendors having no title, and therefore unable to complete the purchase, and the contract being void for fraud, the purchaser may treat the whole as a nullity and avoid the note. Judson v. Wass, 11 Johnson, 525; Buchanan v. Alwell, 8 Hum., 516; Tillotson, Adm’r, v. Gropes, 4 N. Hamp. R., 445.
This plea, upon an investigation of its facts, may turn out to be untrue, but as it stands in this *520 record, we are constrained to reverse the judgment, and remand the cause for another trial.
The demurrer will be overruled, and the plaintiff will be allowed to take issue upon the plea, or file a replication to it, as he shall deem proper.
Judgment reversed.